IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION


JOHN RAINS,

                Plaintiff,

      v.


DR. EDWARDS, DR. BUCKLER,
CINDY WADSWORTH, A. ERIKSSON,
DR.ADAMS, REBECCA YAZY, and
DAN BERGER,

                Defendants.

Case No. 3:15-CV-00915-CL

**REPORT &
RECOMMENDATION**

_____

CLARKE, Magistrate Judge,

On May 29, 2015 Plaintiff John Rains filed his Complaint (#1), bringing this action against the defendants for violations of his Eighth and Fourteenth Amendment rights and for medical malpractice under Oregon law based on the medical treatment he received during his incarceration at McLaren Youth Facility. His incarceration at the facility is ongoing, and he is scheduled to be released in 2015. The case comes before the Court on a Motion to Dismiss (#17) by defendant Dr. Buckler, and a Partial Motion to Dismiss (#18) by all other defendants. For the reasons below, each motion should be GRANTED in part and DENIED in part.


Page 1 – REPORT & RECOMMENDATION

## STANDARD

Pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure (FRCP), the Court must dismiss a claim if the plaintiff fails to plead or establish subject-matter jurisdiction. Plaintiff has the burden to plead and establish that the court has subject-matter jurisdiction. *Ass'n of Am. Med. Coll. v. United States*, 217 F.3d 770 (9th Cir. 2000). When deciding a motion to dismiss for lack of subject-matter jurisdiction under Rule 12(b)(1), the Court may consider affidavits or other evidence regarding the question of jurisdiction. *Autery v. United States*, 424 F.3d 944, 956 (9th Cir. 2005).

Pursuant to Rule 12(b)(6), a motion to dismiss will be granted where the plaintiff fails to state a claim upon which relief may be granted. In order to state a claim for relief, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted 'tests the legal sufficiency of a claim.'" *Conservation Force v. Salazar*, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)).

Dismissal under Rule 12(b)(6) is proper "if there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" *Id.* (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988)). To survive a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010). In evaluating a motion to dismiss, the court must accept the allegations of material fact as true and construe

those allegations in the light most favorable to the non-moving party. *Odom v. Microsoft Corp.*, 486 F.3d 541, 545 (9th Cir. 2007) (internal citations omitted).

### DISCUSSION

Plaintiff John Rains, an inmate at the McLaren Youth Facility, brings this action under 42 U.S.C. § 1983 for violations of the Eighth and Fourteenth Amendments of the United States Constitution.  He also asserts a claim for medical malpractice under Oregon law.  Plaintiff contends that he was prescribed various medications for anxiety and depression while he was incarcerated.  Plaintiff claims that the medications were not necessary and that, due to the conduct of the defendants, the medications in his body ultimately reached toxic levels and caused him to develop Systematic Inflammatory Syndrome, also known as Stevens-Johnson Syndrome, or DRESS (drug rash with eosinophilia and systemic symptoms).

Defendant Robert Buckler, M.D. (Dr. Buckler) moves this Court for an Order dismissing Plaintiff's Complaint pursuant to Rule 12(b)(6) on the basis that Plaintiff John Rains has failed to state a claim against Dr. Buckler upon which relief can be granted as to his section 1983 claim under the Eight Amendment.  Dr. Buckler further moves to dismiss plaintiff's state law medical malpractice claim on the basis that he is entitled to Eleventh Amendment immunity.

Defendants Cindy Wadsworth, A. Eriksson, Rebecca Yazy, Dr. Adams, and Dan Berger ("the remaining OYA defendants") raise essentially the same arguments in their motion regarding Plaintiff's medical malpractice claim and their own Eleventh Amendment immunity.  Additionally, the remaining OYA defendants purport to join in the entirety of the motion by Dr. Buckler. Therefore, the Court will first address the issues holistically before making a recommendation on each specific motion.

**I.     Plaintiff's medical malpractice claim should be dismissed because all defendants are entitled to Eleventh Amendment immunity from tort claims brought in federal court.**

The Eleventh Amendment bars[1] citizens from bringing suit in federal court against a state unless that immunity is waived by the state or abrogated by Congress. *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 54 (1996).  The Oregon Torts Claim Act (OTCA) provides a limited waiver of the State of Oregon's sovereign immunity for the torts of its officers, employees and agents acting within the scope of their employment or duties.  Or. Rev. Stat. § 30.265(1).  It does not waive the State of Oregon's Eleventh Amendment immunity to suit in federal court. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 99 n. 9 (1984) (a state's general waiver of sovereign immunity in its own courts is not a waiver of Eleventh Amendment immunity to suit in federal court); *Estate of Pond v. Oregon*, 322 F.Supp.2d 1161, 1165 (D.Or. 2004) ("The [OTCA] is a waiver of sovereign immunity but does not waive Eleventh Amendment immunity. Thus, suits by private parties against the state must be brought in state court."); *McVay v. Becker,* No. 3:10–CV–1484–AC, 2012 WL 1890374, *9 (D. Or. Mar. 21, 2012) (same).  Nor has the State of Oregon unequivocally consented to federal jurisdiction for claims brought under ORS § 30.320.  *Webber v. First Student, Inc.*, 928 F. Supp. 2d 1244, 1269 (D.Or. 2013), appeal dismissed (July 26, 2013) citing *Olson v. Or. Univ. Sys. ex rel. Pernsteiner*, No. CV 09–167– MO, 2009 WL 1270293, *6 (D.Or. May 6, 2009).

The Plaintiff correctly asserts that ORS 30.265 has been amended to allow state actors to be sued individually for amounts over the OTCA damage caps.  *See* Or. Rev. Stat. § 30.265(4).

---

[1]Because a state can waive its sovereign immunity, the Ninth Circuit treats Eleventh Amendment immunity as an affirmative defense rather than a jurisdictional bar.  *See Miles v. Cal.*, 320 F.3d 986, 988 (9th Cir.2003).  Accordingly, Eleventh Amendment immunity "must be proved by the party that asserts it and would benefit from its acceptance."  *Sornson v. Oregon Comm'n on Children,* 887 F. Supp. 2d 1111, 1115 (D. Or. 2012).  In this case, however, there is no dispute that the defendants are being sued for their actions as employees of the State of Oregon. Complaint ¶¶ 2-8.

However, nothing in ORS 30.265 or in the OTCA more generally allows state actors to be sued in federal court. Without an explicit waiver of Eleventh Amendment immunity, those claims, even when asserted against an individual, must be brought in state court. Therefore, both motions should be granted as to Plaintiff's claims for medical malpractice under Oregon law, and those claims should be dismissed without prejudice to filing in state court.

## II.    Plaintiff states a claim for relief under § 1983 for violation of his Eighth Amendment rights.

"Traditionally, the requirements for relief under [§] 1983 have been articulated as: (1) a violation of rights protected by the Constitution or created by federal statute, (2) proximately caused (3) by conduct of a 'person' (4) acting under color of state law." *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). Or, more simply, courts have required plaintiffs to "plead that (1) the defendants acting under color of state law (2) deprived plaintiffs of rights secured by the Constitution or federal statutes." *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986).

The Eighth Amendment prohibits the imposition of cruel and unusual punishments and "embodies broad and idealistic concepts of dignity, civilized standards, humanity and decency." *Estelle v. Gamble*, 429 U.S. 97, 102 (1976) (citation and internal quotations omitted). "The Constitution 'does not mandate comfortable prisons.'" *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981)); *see also Hallett v. Morgan*, 296 F.3d 732, 745 (9th Cir. 2002). The Eighth Amendment is also not a mandate for broad prison reform or excessive federal judicial involvement. *See Hallett*, 296 F.3d at 745. The Ninth Circuit has held that in order to prevail on a claim under the Eighth Amendment, a plaintiff must demonstrate either that prison officials acted with deliberate indifference or that their conduct was so reckless as to be tantamount to a desire to inflict harm. *Starr v. Baca*, 652 F.3d 1202, 1205 (9th Cir. 2011). Indeed, "deliberate indifference to a prisoner's serious illness or injury

Page 5 – REPORT & RECOMMENDATION

states a cause of action under § 1983." *Estelle,* 429 U.S. at 105; *see also Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006); *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004).

### a. Plaintiff states a claim against Dr. Buckler.

The allegations in Plaintiff's Complaint (#1) regarding Dr. Buckler span nearly eight months of treatment by the psychiatrist, beginning in October and November 2013 (¶15). Plaintiff alleges that Dr. Buckler prescribed him medication (¶15), that he examined Plaintiff and noted his condition and his ongoing dosages in January, February, and March, 2014 (¶18), and that that he suspected a "possible adverse reaction to medication" in mid-March, 2014 (¶19). Plaintiff alleges that Dr. Buckler noted a spreading rash, raised lesions on his arms, and swollen lymph nodes, causing him to discontinue one medication and order lab work on March 22 (¶24). Plaintiff alleges that by March 24 he was experiencing worsening symptoms, including fever, aches, and chills, but, that same day, Dr. Buckler along with another doctor merely ordered forced fluid diet and rest (¶¶25-27). Plaintiff alleges that Dr. Buckler, along with the other doctors, did not take appropriate chart notes on his vitals, urine, bowel movements or temperature, and Plaintiff claims that his medication flow chart was either inadequate or not given to the staff in the Emergency Room on March 26 (¶¶28, 29). Plaintiff asserts the egregiousness of this failure by alleging that his mother called the Medical Director of the facility, who opined that Plaintiff's condition could be a medication allergy just the day before, March 25 (¶30).

Plaintiff alleges that his condition severely deteriorated over the next several days: the rash spread to his legs and feet, his skin turned purple and swollen, causing the staff to nickname him "Barney," and he experienced continued fever, diarrhea, and vomiting (¶¶33-34). Plaintiff alleges that, despite his obvious worsening condition, including lab work that indicated elevated

liver function tests, the infirmary staff at McLaren did not monitor his vitals; they did not take his temperature, nor did they track his urine discharge or level of dehydration (¶34). Plaintiff alleges that his parents visited him in the infirmary on March 30, noted his worsened condition, and attempted to convince the infirmary staff to transport him to the hospital again (¶34), but the doctors either could not be reached, or believed the matter was not urgent (¶¶35-36).

When Plaintiff was finally transported to the hospital for the second time, he was diagnosed with Stevens-Johnson syndrome, which is a life-threatening reaction to medication (¶39). He was immediately admitted to the Intensive Care Unit and intubated, and he remained on a respirator for several days (¶40). He was experiencing severe liver and kidney failure, and his parents were told their son might die (¶40). Plaintiff alleges that he was hospitalized for fourteen days before he returned to McLaren. Later he had two more flare ups resulting in one more hospitalization for treatment (¶42). Over the course of his illness, he lost over thirty pounds (¶40). The full extent of the damage to Plaintiff's kidneys and other organs is still unknown (¶¶67-69).

Based on the factual allegations above, Plaintiff claims that defendant Dr. Buckler acted with deliberate indifference in failing to provide adequate medical care to his serious medical needs. Plaintiff has alleged sufficient facts to state a plausible claim for relief that Dr. Buckler prescribed medication and then failed to properly and adequately monitor Plaintiff's reaction to that medication. Plaintiff alleges that, even after noting that Plaintiff was having a possible adverse reaction and ordering lab work, Dr. Buckler continued to delay the actions necessary to treat and reverse the reaction. Defendant Dr. Buckler's assertion that the allegations do not rise to the level of a constitutional violation are not convincing at this stage of litigation. Plaintiff has alleged deliberate indifference and has supported that claim with sufficient factual material. The

substantive merit of his claim will not be decided until the summary judgment stage, or at trial. For these reasons, Dr. Buckler's motion to dismiss Plaintiff's Eighth Amendment claims against him should be denied.

**b. Plaintiff states a claim for relief against the remaining OYA defendants.**

The remaining OYA defendants do not make a separate motion to dismiss Plaintiff's claims under the Eighth Amendment, but merely join in Dr. Buckler's motion. Therefore, for the same reasons discussed above, to the extent that the remaining defendants move to dismiss the Eighth Amendment claims, their motion should be denied.

**III.    Plaintiff does not state a claim for relief under § 1983 for violation of his Fourteenth Amendment rights.**

According to the headings used in his Complaint, Plaintiff's first and second claims for relief are alleged under "the 8th and 14th Amendments of the United States Constitution." However, the factual allegations appear to relate only to potential Eighth Amendment claims. Plaintiff has not responded to Dr. Buckler's motion to dismiss these claims to the extent they are alleged under the Fourteenth Amendment, and the Court finds that the Plaintiff has conceded the issue. Therefore, both motions should be granted as to any claims brought under the Fourteenth Amendment.

## RECOMMENDATION

Defendant Dr. Buckler's motion to dismiss (#17) should be granted in part and denied in part. Plaintiff's claim for medical malpractice should be dismissed without prejudice to filing such claim in state court. Plaintiff's claims for violations of his Fourteenth Amendment rights, if any, should be dismissed. The only claims that should remain against Dr. Buckler are those brought pursuant to § 1983 for violations of the Plaintiff's Eighth Amendment rights.

The remaining defendants' partial motion to dismiss (#18) should be granted in part and denied in part. Plaintiff's claims for medical malpractice should be dismissed without prejudice to filing such claims in state court. Plaintiff's claims for violations of his Fourteenth Amendment rights, if any, should be dismissed. The only claims that should remain against the OYA defendants are those brought pursuant to § 1983 for violations of the Plaintiff's Eighth Amendment rights.

This Report and Recommendation will be referred to a district judge. Objections, if any, are due no later than fourteen (14) days after the date this recommendation is filed. If objections are filed, any response is due within fourteen (14) days after the date the objections are filed. See FED. R. CIV. P. 72, 6.

Parties are advised that the failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED this _____ day of November, 2015.

_____
MARK D. CLARKE
United States Magistrate Judge