IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JOHN RAINS,

        Plaintiff,

    vs.

DR. EDWARDS; DR. BUCKLER;
CINDY WADSWORTH; A. ERIKSSON;
DR. ADAMS; REBECCA YAZY; and
DAN BERGER,

        Defendants.

No. 3:15-cv-00915-CL
OPINION AND ORDER

_____

Jennifer L. Coughlin
Hurley Re & Grueter
747 S.W. Mill View Way
Bend, OR 97701

Michelle R. Burrows
Michelle R. Burrows, PC
420 S.W. Washington St., Ste. 300
Portland, OR 97140
        Attorneys for plaintiff

Page 1 - OPINION AND ORDER

Robert E. Sullivan
Heather J. Van Meter
Assistant Attorneys General
Oregon Department of Justice
Trial Division
1162 Court Street N.E.
Salem, OR 97301

Ronald J. Clark
Heidi L. Mandt
Bullivant Houser Bailey, PC
300 Pioneer Tower
888 S.W. Fifth Ave.
Portland, OR 97204
      Attorneys for defendants

AIKEN, Judge:

      In this prisoner civil rights action, plaintiff John Rains alleges defendant employees of the Oregon Youth Authority were deliberately indifferent to his serious medical need related to a life-threatening adverse reaction to medications prescribed while he was incarcerated at the McLaren Youth Facility. Plaintiff contends defendants' actions violated his rights under the Eighth and Fourteenth Amendments to the United States Constitution. He also asserts a state medical malpractice claim ("state claim"). Defendants moved to dismiss the complaint. They argued plaintiff failed to plead facts sufficient to state an Eighth Amendment violation and contended Eleventh Amendment immunity barred the assertion of the state claim in federal court.

      Magistrate Judge Clarke issued his Report and Recommendation on November 20, 2015 (doc. 25), concluding plaintiff adequately stated a claim for relief under the Eighth Amendment, but recommending dismissal of the state claim on the ground of Eleventh Amendment immunity. Plaintiff filed objections (doc. 27) to the Report and Recommendation and defendants filed responses (docs. 28 and 29). Plaintiff's objections focused only on the state claim. After reviewing plaintiff's

Page 2 - OPINION AND ORDER

objections, defendants' responses, and the parties' supplemental briefs on the Eleventh Amendment question, I decline to adopt Judge Clarke's recommendation regarding the state claim, and instead hold that claim survives defendants' motion to dismiss.[1]

## STANDARD

The Magistrates Act provides the district court may "accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). When a party objects to any portion of the Magistrate's Report and Recommendation, the district court must make a *de novo* determination of that portion of the magistrate judge's report. Fed. R. Civ. P. 72(b)(3); *see also McDonnell Douglas Corp. v. Commodore Bus. Machs. Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981) (For dispositive motions, "the statute grants the broadest possible discretion to the reviewing district court.").

## DISCUSSION

Defendants argue the Eleventh Amendment requires dismissal of plaintiff's state claim. In both their responses to plaintiff's objections and their supplemental briefs, defendants focus on whether the Oregon Tort Claims Act ("OTCA") waives Eleventh Amendment immunity. That focus is misplaced. I agree with defendants that nothing in the OTCA waives the State of Oregon's Eleventh Amendment immunity. *See Estate of Pond v. Oregon*, 322 F. Supp. 2d 1161, 1165 (D. Or. 2004). But in this case, whether the state has waived Eleventh Amendment immunity is not the

---

[1] I agree with Judge Clarke that plaintiff adequately stated a claim for relief under the Eighth Amendment. I also agree plaintiff's Fourteenth Amendment claims should be dismissed to the extent they were intended to allege independent violations of plaintiff's due process rights. However, Eighth Amendment claims against state actors, as distinct from federal actors, must be asserted through the Fourteenth Amendment. *Furman v. Georgia*, 408 U.S. 238, 239-40 (1972). Plaintiff's Fourteenth Amendment claims thus survive to the extent that they are the vehicle by which plaintiff asserts his Eighth Amendment claims.

Page 3 - OPINION AND ORDER

question; the question is whether Eleventh Amendment immunity applies at all.

The Eleventh Amendment bars citizens from bringing suit against a state in federal court unless immunity is waived by the state or abrogated by Congress. *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 54 (1996). "Eleventh Amendment immunity extends to actions against state officers sued in their official capacities because such actions are, in essence, actions against the governmental entity of which the officer is an agent." *Jackson v. Hayakawa*, 682 F.2d 1344, 1350 (9th Cir. 1982). State employees do not, however, enjoy Eleventh Amendment immunity when they are sued in their individual capacities, because in such a suit "the state is not the real party in interest." *Stoner v. Santa Clara Cnty. Office of Educ.*, 502 F.3d 1116, 1125 (9th Cir. 2007).

The distinction between individual capacity and official capacity is not whether the employee was acting within the official scope of his or her duties; it is whether the action "seeks damages from the individual defendants rather than the state treasury." *Id.* In *Hafer v. Melo*, 502 U.S. 21 (1991), the Supreme Court explained the difference between official-capacity and individual-capacity suits is "the capacity in which the state officer is sued, not the capacity in which the officer inflicts the alleged injury." *Id.* at 26. An official-capacity suit is a suit against the state itself. These suits are premised on the official acting as an agent of the state. As a result, to obtain damages in an official-capacity suit against a state employee, a plaintiff must demonstrate some "policy or custom" of the governmental entity played a role in the violation. *Id.* at 25. The only defenses and immunities the defendant may assert in such a suit are those the governmental entity possesses. An individual-capacity suit, by contrast, is a suit against a state employee for individual action "taken under color of state law." *Id.* There is no requirement a plaintiff establish official policy or custom to prevail on such a claim. However, unlike official-capacity defendants, individual-capacity defendants may

Page 4 - OPINION AND ORDER

assert personal immunity defenses.  For example, they may assert they reasonably relied on existing law.

The State of Oregon is not named as a defendant in this lawsuit.  The defendants are sued in their individual capacities.  *See* Compl. ¶ 81 (acknowledging Eleventh Amendment immunity bars suit against the State of Oregon in federal court and discussing when it is permissible to sue state employees individually).  Accordingly, the Eleventh Amendment is only available as a defense if something converts this individual-capacity suit into an official-capacity suit or a direct suit against the state.  Defendants argue that conversion is accomplished by the OTCA.

Two provisions of the OTCA are relevant to this analysis:  Or. Rev. Stat. § 30.271 ("damages cap provision") and Or. Rev. Stat. § 30.265 ("substitution provision").  The damages cap provision limits the liability of the state and its "officers, employees and agents acting with the scope of their employment or duties."  Or. Rev. Stat. § 30.271.  Although the amount of the cap has changed, this provision has been part of the OTCA since it was enacted in 1967.  *Clarke v. Or. Health Scis. Univ.*, 175 P.3d 418, 422 (Or. 2007).  Before 1967, the State of Oregon could not be sued in tort in any court.  The OTCA partially waived this immunity in state court only, subject to the monetary limits imposed through the damages cap provision.  The 1967 version of the OTCA had no effect on suits against public officers, employees, or agents, who "remained personally liable for torts committed within the course and scope of their employment."  *Id.*

The substitution provision authorizes the substitution of the public body as the defendant in certain suits against a state officer, employee, or agent.  Or. Rev. Stat. § 30.265(3).  This provision was added to the OTCA in 1991.  *Clarke*, 175 P.3d at 423.  Upon a motion from the state, the 1991 amendment mandated the substitution of the public body as the "sole" defendant in tort claims

brought against officers, employees, or agents of the public body acting "within the scope of their employment or duties." *Id.*; *see also* Or. Rev. Stat. § 30.265(1)-(2). This "eliminated entirely any claim against any officer, employee, or agent for their work-related torts." *Clarke*, 175 P.3d at 423. In other words, it converted individual-capacity suits into suits against the State of Oregon. Once that substitution had taken place, the state could raise an Eleventh Amendment immunity defense, and federal courts were bound to dismiss the state tort claims. *Lumbreras v. Roberts*, 319 F. Supp. 2d 1191, 1214 (D. Or. 2004).

In 2007, the Supreme Court of Oregon held the damages cap and substitution provisions violated the Oregon Constitution to the extent they prevented plaintiffs from suing individual state employees for damages significantly in excess of the OTCA's cap. *Clarke*, 175 P.3d at 434. The Remedy Clause of the Oregon Constitution provides "every man shall have remedy by due course of law for injury done him in his person, property, or reputation." Or. Const. Art. I, § 10. Oregon courts have interpreted this clause as "preserv[ing] for future generations, against legislative or other encroachment, the right to obtain a remedy for injury to interests in person, property, and reputation under circumstances in which Oregon law provided a remedy for those injuries when Oregon ratified its constitution." *Clarke*, 175 P.3d at 432. The Remedy Clause does not "freeze[] in place common-law remedies" as they existed when the constitution was ratified; rather, the Oregon Legislature has the authority to fashion substitute remedies. *Smothers v. Gresham Transfer, Inc.*, 23 P.3d 333, 354 (Or. 2001). In so doing, however, the legislature may not "substitute an 'emasculated remedy' that is incapable of restoring the right that has been injured." *Id.* (quoting *West v. Jaloff*, 232 P. 642, 645 (1925)).

In *Clarke*, the applicable damages cap was $200,000. 175 P.3d at 421. The plaintiff, who

as a three-month-old baby "suffered prolonged oxygen deprivation causing him permanent brain damage" while in the surgical intensive care unit at the public-body hospital, sought more then $12 million in economic damages. *Id.* The court held the "complete statutory elimination of [the individual employees'] liability" left the plaintiff with "an emasculated version of the remedy that was available at common law." *Id.* at 433-34. There was no parallel constitutional problem with limiting the liability of the public body, because it, unlike the individual defendants, "would have been entitled to sovereign immunity at common law." *Id.* at 434.

In 2011, in response to *Clarke*, the Oregon Legislature amended the OTCA. *Johnson v. Gibson*, 918 F. Supp. 2d 1075, 1078 (D. Or. 2013). The legislature amended the law in three ways. First, it dramatically increased the level at which damages are capped. *See* Or. Rev. Stat. § 30.271(2). Second, it altered the substitution provision. The OTCA now provides for substitution of the public body only where the complaint "alleges damages in an amount equal to or less than the damages" permitted under the damages cap provision. *Id.* § 30.265(3). If a plaintiff alleges damages in excess of the statutory cap, "the action may be brought and maintained against an officer, employee or agent of a public body, whether or not the public body is also named as a defendant." *Id.* § 30.265(4). The action against the individual employee remains subject to the damages cap provision. *Id.* Third, the legislature enacted a provision that would permit a constitutional challenge to the new damage-cap levels to proceed directly to the Supreme Court of Oregon, bypassing the Oregon Court of Appeals. *Id.* § 30.274.

Here, plaintiff alleged $3 million in damages. The applicable cap for this action is, at most, $2 million. *See id.* § 30.271(2)(e) ($1.9 million cap for causes of action arising during state fiscal year 2014); *id.* § 30.271(2)(f) ($2 million cap for causes of action arising during state fiscal year

2015). Accordingly, the OTCA, as amended in 2011, provides no mechanism for substituting the public body as a defendant.

Defendants argue this nonetheless remains a suit against the state because the same damages cap applies whether or not the public body is substituted as a defendant. But they have not explained how application of the same damages cap converts this individual-capacity suit into a suit against the state. The Oregon Legislature could decide to limit damage awards in *all* medical malpractice cases.[2] But such a law would not grant private physicians access to an Eleventh Amendment immunity defense even if the damages cap were set at a level equal to the damages cap for tort claims against the state.

The plain text of the OTCA applies the damages cap provision to two different groups of defendants: substituted public bodies, through Or. Rev. Stat. § 30.265(3), and individual state employees, through Or. Rev. Stat. § 30.265(4). The existence of the two separate provisions strongly suggests the legislature intended to create a meaningful difference between suits against the public body and suits against the individuals. Legislative history confirms that suggestion: subsection 30.265(4) was added to the OTCA to "respond to the apparent concerns of . . . [the *Clarke* court] that because the substitution provision completely *eliminates* an injured person's right to sue an individual, . . . in very high damages cases, that provision may leave the claimant with an inadequate remedy in violation of the Oregon Constitution." Doc. 35 at 10 (emphasis in original) (remarks of OHSU vice president and general counsel to the Oregon Senate Committee on the Judiciary regarding the 2011 amendments to the OTCA). The 2011 amendments were specifically designed

---

[2] Of course, under *Clarke*, such a law would run afoul of the Remedy Clause in a case involving damages significantly in excess of the cap.

Page 8 - OPINION AND ORDER

to revive suits against individual employees when a plaintiff alleges damages in excess of the statutory cap. In these revived individual-capacity suits, state employees simply do not possess Eleventh Amendment immunity.[3]

Defendants argue the Oregon Legislature never intended the amendments to the OTCA to waive the state's Eleventh Amendment immunity in federal court. As explained, however, the issue here is not *waiver* of Eleventh Amendment immunity but *applicability* of that immunity. The Oregon Legislature may prefer for the state never to be haled into federal court to defend its employees against state tort claims. It could achieve that goal by eliminating the damages cap provision in the OTCA and reinstating the substitution provision for all cases. But that is not the law the legislature enacted. This is a suit against defendants in their individual capacity, and individual-capacity defendants cannot assert an Eleventh Amendment immunity defense. Accordingly, plaintiff's state claim survives the motion to dismiss.

## CONCLUSION

I ADOPT IN PART and DO NOT ADOPT IN PART Judge Clarke's Report and Recommendation (doc. 25) as follows: (1) I adopt the portion of the Report and Recommendation regarding defendants' motion to dismiss the Eighth and Fourteenth Amendment claims; and (2) I do not adopt the portion of the Report and Recommendation regarding defendants' motion to dismiss

---

[3] Oregon law requires the state to indemnify its employees for acts and omissions "occurring the performance of duty." Or. Rev. Stat. § 30.285(1). However, this does not change the Eleventh Amendment analysis, because it is well-established that individual-capacity suits against state actors do not violate the Eleventh Amendment even if the state has an indemnification policy. *Stoner*, 502 F.3d at 1125. Moreover, the state's obligation to indemnify an employee is itself limited by the damage cap provision. Or. Rev. Stat. § 30.285(6). If the Supreme Court of Oregon were to authorize a damage award above the cap level, it is not at all clear the state would be statutorily obligated to pay the damages in excess of the cap.

the state malpractice claim.  Defendants' motions to dismiss (docs. 17 & 18) are GRANTED as to

any independent Fourteenth Amendment due process claims and DENIED in all other respects.

IT IS SO ORDERED.

Dated this 17th day of April 2016.


_____
Ann Aiken
United States District Judge

Page 10 - OPINION AND ORDER